Case 2:13-cr-20369-SHL   Document 50 *SEALED*   Filed 05/22/18   Page 1 of 4   PageID 167

PROB 12C
(9/17)

# United States District Court
## for the
## Western District of Tennessee
### Petition for Warrant or Summons for Offender under Supervision

| | |
|---|---|
| Name of Offender: John Dixon | Docket No. 2:13CR20369-001 |

Name of Sentencing Judicial Officer: The Honorable S. Thomas Anderson, Chief U.S. District Judge

Reassigned to: The Honorable Samuel H. Mays, Jr., Senior U.S. District Judge

Date of Original Sentence: 09/09/2014

Original Offense: Possession with Intent to Distribute Less Than 500 Grams of Cocaine, 21 U.S.C. § 841(a)(1)

| | |
|---|---|
| Original Sentence: Imprisonment: 21 months; TSR: 36 months | Type of Supervision: Supervised Release |
| Assistant U.S. Attorney: Samuel Robert Stringfellow | Date Supervision Commenced: 06/17/2015 |
| Defense Attorney: Needum Louis Germany III | Date Supervision Expires: 06/16/2018 |

## PETITIONING THE COURT

☑ To issue a warrant
☐ To issue a summons
☐ To grant an exception to revocation without a hearing

The probation officer believes that the offender has violated the following condition (s) of supervision:

| Violation | Nature of Non-Compliance |
|---|---|
| 1. | **The defendant shall not commit another federal, state, or local crime.** On August 8, 2016, John Dixon was arrested for Domestic Assault in violation of T.C.A. 39-13-111. On or about July 23, 2016, police were dispatched to a domestic disturbance call. Upon arrival, officers met with the victim, Marketa Bonds, who stated that Mr. Dixon grabbed her neck, choked her, and threw her to the ground. She also stated that Mr. Dixon bit her on her left arm. Evidence in support of this charge includes the incident report #1607231434, and eyewitness testimony of arresting officer S. Parker (badge# 5380). This conduct constitutes a Grade C violation of supervised release. |
| | On March 4, 2018, John Dixon committed the offense of Possession of Schedule II with Intent to Distribute in violation of T.C.A. 39-17-417. On March 4, 2018, in Lauderdale County, TN, John Dixon was arrested by personnel of the Ripley Police Department. Officers responded to a drug compliant at 163 Sunshine Road in Ripley. The complainant, Marketa Bonds, advised that her boyfriend (John Dixon) was in possession of drugs and drug paraphernalia. Ms. Bonds escorted officers to the car and removed a backpack containing cocaine, two digital scales, and packaging material. Evidence in support of this charge includes an affidavit of compliant filed in the General Sessions Court of Lauderdale County for case number CR-126978, and eyewitness testimony of arresting officer Lt. Joe Bennett. This conduct constitutes a Grade A violation of supervised release. |

CERTIFIED TRUE COPY
THOMAS M. GOULD, CLERK

BY _____
DEPUTY CLERK

Prob 12C
RE: Dixon, John
2:13CR20369-001

2. **The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.** Mr. Dixon failed to report that he had been arrested on March 4, 2018. This conduct constitutes a Grade C violation of supervised release.

U.S. Probation Officer Recommendation:
☑ The term of supervision should be
    ☑ Revoked.
    ☐ Extended for _ years, for a total term of _ years.
    ☐ Continued based upon the exception to revocation under 18 USC §3563(e) or 3583(d).
    ☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   April 16, 2018
                    s/Christopher Washington
                    U.S. Probation Officer

Approved:

s/Freddie McMaster II          April 17, 2018
Supervising U.S. Probation Officer   Date

**THE COURT ORDERS:**
    ☐ No Action
    ☒ Issue of an arrest warrant
    ☐ Issue a Summons
    ☐ The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
    ☐ Other

The signed Probation Form 12C (Petition for Action), as well as the warrant for arrest, is to be filed under seal in the Electronic Case File (ECF) system until such time as the warrant is executed.

                    s/Sheryl H. Lipman

                    Signature of Judicial Officer

                    Date:  May 22, 2018

Prob 12C
RE: Dixon, John
2:13CR20369-001

## VIOLATION WORKSHEET

1. Defendant:     Dixon, John
2. Docket Number (Year-Sequence-Defendant-Defendant No.):     2:13CR20369 - 001
3. District/Office:     Western District of Tennessee (Memphis)
4. Original Sentence Date:          09/09/2014
*(if different than above):*
5. Original District/Office:
6. Original Docket Number (Year-Sequence-Defendant-Defendant No.):
7. List each violation and determine the applicable grade (see § 7B1.1(a)):

| Violations(s) | Grade |
|---|---|
| The defendant shall not commit another federal, state, or local crime. (Domestic Assault) | C |
| The defendant shall not commit another, federal state or local crime. (Possession of Scheduled II with the Intent to Distribute) | A |
| The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer | C |

8. Most Serious Grade of Violation (see § 7B1.1(b)):     A
9. Criminal History Category (see § 7B1.4(a)):     IV

10. Range of Imprisonment (see § 7B1.4(a))     24 - 30 months*

*Being originally convicted of a Class C felony, the statutory maximum term of imprisonment is 24 months; 18 U.S.C. §§3583(e)(3) and 3584.

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

( )   (a) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c) (1) provides sentencing options to imprisonment.
( )   (b) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c) (2) provides sentencing options to imprisonment.
( )   (c) If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W.
Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit

Prob 12C
RE: Dixon, John
2:13CR20369-001

Defendant: <u>Dixon, John</u>   Docket No.: <u>0651 2:13CR20369 - 001</u>

12. Unsatisfied Conditions of Original Sentence

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

| | |
|---|---|
| Restitution ($): _____ | Community Confinement: _____ |
| Fine ($): _____ | Home Detention: _____ |
| Other: _____ | Intermittent Confinement: _____ |

13. Supervised Release

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3(see §§7B1.3(g)(1)).

Term: _ to _ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from imprisonment

14. Departure

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment

15. Official Detention Adjustment (see §7B1.3(e)):   Months: _   Days:

**Mail documents to: United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention: Monitoring Unit**